UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JHOJHAM G.R.,[1]<br>Petitioner,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Respondents. | No. 1:26-cv-00848-TLN-CSK<br><br>**ORDER** |

This matter is before the Court on Petitioner Jhojham G.R.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition") (ECF No. 1) and Respondents' Motion to Dismiss (ECF No. 7). For the reasons set forth below, Respondents' Motion to Dismiss is DENIED and the Petition is GRANTED.[2]

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] In the alternative, Respondents ask this Court to hold this case in abeyance until the Ninth Circuit rules on *Rodriguez Vasquez v. Bostock*, 779 F.Supp.3d 1239 (W.D. Wash. 2025), which may be dispositive of one of the issues in case. (ECF No. 7 at 2.) The Court declines to do so. As this Court has said previously, it will not delay issuing relief on the prospective chance a pending appeal could change the outcome of one claim.

## I. Factual and Procedural Background[3]

This matter arises out of Petitioner's challenge to the constitutionality of his civil immigration detention. In October 2022, Petitioner entered the United States, he was processed by immigration authorities, removal proceedings were instituted against him, and he was subsequently released from immigration custody on parole. (ECF No. 1 at 5.) Following his release, Petitioner established a residence with his wife and four-year-old child, he maintained full-time employment, timely applied for asylum, and he asserts he complied with the conditions of his release. (*Id.* at 2–6.)

Petitioner has no criminal history. (*Id.* at 2.) He is also not subject to a final order of removal. (*Id.* at 2.)

Nevertheless, three years after his release, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner without notice or materially changed circumstances. (*Id.*) ICE did not notify Petitioner that he had violated the conditions of his release or that he had otherwise engaged in conduct warranting detention. (*Id.* at 6.) While in custody, Respondents did not provide Petitioner with any individualized custody determination or hearing as to his detention. (*Id.* at 16.)

On February 1, 2026, Petitioner filed the instant Petition challenging the lawfulness of his civil immigration detention without notice or a hearing. (ECF No. 1). The next day, Petitioner filed a motion for temporary restraining order ("TRO"). (ECF No. 3.) On February 2, 2026, this Court found Petitioner likely to succeed on the merits of his claims that Respondents violated the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause and issued a TRO requiring Petitioner's immediate release. (ECF No. 6.) In response to the Petition, Respondents filed a motion to dismiss. (ECF No. 7.) The Court now considers the Petition and motion on the merits.

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every

---

[3] The facts in this case are undisputed.

individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

Petitioner claims his detention violates the INA and the Fifth Amendment Due Process Clause. (ECF No. 1 at 15–18.)

### A. Immigration and Nationality Act

Petitioner alleges his detention is governed by 8 U.S.C. § 1226(a), which provides for a bond hearing. (ECF No. 1 at 17.) Respondents argue Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2) without a bond hearing. (ECF No. 7.)

The vast majority of courts across this Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2) to persons like Petitioner who were released into the United States by immigration authorities. *See Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position and collecting cases); *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).

By comparison, "[t]he government's proposed reading of the statute (1) disregards the

plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Respondents offer no new arguments or facts justifying reconsideration in this case. Thus, consistent with this Court's numerous prior rulings, the Court finds Petitioner is not an applicant for admission subject to mandatory detention under § 1225(b)(2). Rather, Petitioner's detention is governed by § 1226(a) and he is entitled to the process required by that provision, including a bond hearing, at minimum. Respondents did not provide Petitioner with any such bond or custody hearing during his detention. Therefore, Respondents violated 8 U.S.C. § 1226(a).

B. Fifth Amendment Due Process Clause

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

*i. Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of

physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

Here, the government's decision to release Petitioner on parole was an "implicit promise" that he would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release. *Morrissey*, 408 U.S. at 482. Petitioner thus has a clear liberty interest in his continued freedom protected by the Fifth Amendment. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened his liberty interest).

*ii. Process Required*

Having found Petitioner possesses a protected liberty interest, the Court next examines what process is necessary to ensure any deprivation of that interest accords with the Constitution. The Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Due process rights in the immigration context "must account for the government's countervailing interests in immigration enforcement." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). The *Mathews* factors support requiring that Petitioner receive notice and a hearing before a neutral decisionmaker prior to re-detention.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) ("The lengthy duration of his conditional release as well as the meaningful connections Petitioner seems to have made with his community during that time create a powerful interest for Petitioner in his continued liberty.")

Second, the risk of erroneous deprivation of Petitioner's liberty interest is high. "Civil immigration detention, which is 'nonpunitive in purpose and effect,' is justified when a noncitizen presents a risk of flight or danger to the community." *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2686866, at *6 (E.D. Cal. Sept. 18, 2025). Respondents do not make any claim that Petitioner is a danger or a flight risk. (*See* ECF No. 7.) As Petitioner has received virtually no procedural safeguards such as a bond or custody determination hearing to justify his detention, the probative value of additional procedural safeguards is high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the Government's interest in detaining Petitioner without notice and a hearing is negligible. Custody hearings in immigration court are "routine and impose a 'minimal' cost," and the government's interest is further diminished where, as here, Petitioner was already found appropriate for release. *R.D.T.M.*, 2025 WL 2686866 at *6. "The government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. *See also Zinermon v. Burch*, 494 U.S. 113, 127, 129 (1990) (United States Supreme Court "usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property" unless it is a "special case.") (emphasis in original). Petitioner received neither. Nor did he receive a post-deprivation hearing during his time in detention. Respondents therefore violated Petitioner's due process rights.

Respondents violated the INA and the Fifth Amendment Due Process Clause during Petitioner's civil immigration detention.

## IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Respondents' Motion to Dismiss (ECF No. 7) is DENIED.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.[4]
3. Respondents are ENJOINED from re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention. *Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.
4. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: July 21, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

[4] Petitioner also seeks an award of attorney's fees and costs under the Equal Access to Justice Act. (ECF No. 1 at 18.) The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.